# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANIS CLEMENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-22-441-R |
| | ) | |
| COMPANION LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are two motions regarding the removal of this case from state court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* Doc. No. 1. Defendant Companion Life Insurance Company (Companion) has filed a Motion to Set Aside Order for Default Judgement and Brief in Support (Doc. No. 6). Plaintiff Janis Clemens has filed a Motion to Remand in response (Doc. No. 8). The parties have fully briefed the matter, and it is at issue. For the reasons below, the Court GRANTS Defendant's Motion to Set Aside Order for Default Judgment [Doc. No. 6] and DENIES the Motion to Remand (Doc. No. 8).

Plaintiff initiated this action in state court on April 13, 2022, alleging that Defendant breached its contract with Ms. Clemens regarding short-term medical policies/certificates by failing to pay or reimburse her eligible medical expenses. *See generally* Doc. No. 1-1. Under Okla. Stat. tit. 36 § 621, out-of-state insurance companies must appoint the Oklahoma Insurance Commissioner (the Commissioner) as its agent to receive service of legal process. On April 14, 2022, Plaintiff, utilizing an unlicensed process server [*see* Doc.

No. 1-7 (Gordon Pignato unlisted)], served the Complaint on the Commissioner. Doc. No. 1-3. On April 15, 2022, the Commissioner forwarded the Complaint to Defendant via certified mail to the address it had on file. Doc. No. 1-8. Apparently, Companion moved offices without informing the Commissioner of its new address, and the Postal Service failed to deliver the pleading. Doc. No. 1-8; Doc. No. 9 at 7.

Judge Thad Balkman of the District Court of Cleveland County entered an Order for Default Judgment on May 16, 2022 [Doc. No. 1-4], and on May 17, 2022, scheduled a damages hearing (Doc. No. 1-5). Plaintiff then sent an email to Defendant's last known counsel informing him of the hearing. Doc. No. 10-3. Companion subsequently removed the action to federal court [Doc. No. 1] and now moves to set aside the default judgment (Doc. No. 6).

Plaintiff argues the Court should remand this case to state court. She contends she properly served Companion under Oklahoma law's substantial compliance doctrine [Doc. No. 8 at 5–7].[1] Defendant counters that Plaintiff's use of an unlicensed process server renders her service on the Commissioner, and therefore Defendant, ineffective. Doc. No. 9 at 14–17. Companion argues that because it was never properly served and has timely removed the case to federal court, the Court should set aside the state court default judgment entered against it. *See generally* Doc. No. 6.

Regarding proper service of the Commissioner, under Okla. Stat. tit. 36 § 621(B), "Service of such process against a foreign or alien insurer shall be made only by service of

---

[1] Both parties briefed in detail the reasons they believe the thirty-day removal period pursuant to 28 U.S.C. § 1446 either allows or bars the removal of this case. Because the Court concludes Plaintiff never served process on the Defendant, the Court finds this dispute to be moot.

process upon the Insurance Commissioner." Okla. Stat. tit. 36 §622(A) explains how

service is to be effected on the Commissioner, stating:

> Triplicate copies of legal process against an insurer for whom the Insurance Commissioner is agent shall be served upon the Commissioner . . . When legal process against an insurer for whom the Insurance Commissioner is agent is issued, it shall be served in triplicate **by any manner now provided by law** . . . .

*Id*. (emphasis added).

In this case, Plaintiff served the Commissioner with her pleadings via personal

service. In Oklahoma, who may provide personal service is governed by Okla. Stat. tit. 12

§ 2004(C)(1)(a), which states, in the relevant part: "[a]t the election of the plaintiff, process

. . . shall be served by a sheriff or deputy sheriff, a **person licensed to make service of**

**process in civil cases or a person specially appointed for that purpose**." (emphasis

added). Here, because Plaintiff did not use a licensed process server or a person specially

appointed for that purpose, a plain reading of the law indicates Ms. Clemens failed to serve

the Commissioner and, therefore Defendant, properly.

Ms. Clemens argues that the Oklahoma Supreme Court has held personal service

may be completed by substantial compliance with § 2004. In *Graff v. Kelly*, 814 P.2d 489,

495 (Okla. 1991), the Court found "the Oklahoma Pleading Code requires substantial

compliance in order for the trial court to have jurisdiction over the person of the defendant."

It set out a test to determine if substituted service of process was effective, finding "three

questions must be answered: (1) Is there a statute authorizing the method of service

employed?; (2) Have the requirements of the statute been observed?; (3) Have fundamental

due process requirements been met?" *Id*. at 493 (quotation marks and citation omitted).

In applying this test to the plaintiff in *Graff*, the Oklahoma Supreme Court found that the plaintiff, by serving the defendant's employee at his office, had failed to serve the defendant effectively. The Court, in analyzing the text of § 2004(C)(1)(c)(1), found that because the employee was not the defendant's agent, and his office was not his "usual place or abode" [*Id*.], the plaintiff did not substantially comply with the statute. *Graff*, 814 P.2d at 494–96. The undersigned finds this reasoning relevant and persuasive in the instant case.

Here, Ms. Clemens failed to comply with § 2004 by having an unlicensed process server deliver her pleading to the Commissioner. The Court sees no reason to distinguish the situation here, where an improper party delivered the service, from *Graff*, where an improper party received the service. Furthermore, unlike the defendant in *Graff*, who received actual notice of the lawsuit, in this action, Defendant did not receive actual notice of the suit until Plaintiff's counsel emailed Companion's attorney alerting him to the damages hearing. Consequently, the Court finds Plaintiff failed to serve Companion. Additionally, having found that Defendant was never served, the Court finds its removal of this case to federal court is timely. *See Jenkins v. MTGLQ Investors,* 218 F. App'x 719, 724 (10th Cir. 2007) (finding a defendant who was never properly served a copy of the summons timely removed its case to federal court despite the removal being filed three months after the entry of a default judgment).

The Court now addresses whether it should set aside the state court default judgment. "When a case is removed from state court, the federal court takes the case in its current posture and treats previously entered orders as its own." *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1215 (D.N.M. 2012). Because the state court entered a default

judgment, the Court considers the Motion to Set Aside Default Judgment pursuant to Fed. R. Civ. P. 55(c),[2] which provides: "[t]he court may set aside an entry of default for good cause". The Court has determined that Plaintiff never effectively served Companion in this case and therefore necessarily finds good cause to set aside the default judgment and allows the case to proceed on the merits.

For the reasons above, the Court GRANTS Defendant's Motion to Set Aside Default Judgment [Doc. No. 6] and DENIES Plaintiff's Motion to Remand (Doc. No. 8).

IT IS SO ORDERED this 10th day of August 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] The Court can analyze a motion to set aside a default judgment pursuant to Rule 55(c) or Rule 60(b). However, "[a] motion to set aside a default is analyzed under Rule 60 only when the default judgment is final." *Stratford Holding, LLC v. Foot Locker Retail Inc.*, No. CIV-12-0772-HE, 2014 WL 3810577, at *1 (W.D. Okla. Aug. 1, 2014) (citing *FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 478 (1st Cir .1989)). In this case, a damages hearing was pending in state court when Defendant removed this action. The default judgment is therefore not final.